**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUSTIN BENTZ, | ) | CASE NO. 3:19-cv-1203 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| LYNEAL WAINWRIGHT, WARDEN, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Jonathan D. Greenberg recommending dismissal of the petition for writ of habeas corpus filed by petitioner Justin Bentz ("Bentz" or "petitioner"). (Doc. No. 10.) Bentz timely filed his objections to the R&R pursuant to Fed. R. Civ. P. 72(b)(2). (Doc. No. 12.) Respondent Warden Lyneal Wainwright ("Respondent") filed no opposition to the objections and the time for doing so under the rule has expired. For the reasons set forth herein, Bentz's petition for writ of habeas corpus is denied in its entirety.

**I.    LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court

in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("The district judge

must determine de novo any part of the magistrate judge's disposition that has been properly

objected to."). "An 'objection' that does nothing more than state a disagreement with a

magistrate's suggested resolution, or simply summarizes what has been presented before, is not

an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747

(E.D. Mich. 2004). After review, "[t]he district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge

with instructions." Fed. R. Civ. P. 72(b)(3).

Although the Court must review de novo any matter properly objected to, it must do so

under a deferential standard of review.

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable
> > application of, clearly established Federal law, as determined by the Supreme
> > Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination
> > of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). In *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), the Sixth

Circuit, variously quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389

(2000), noted the Supreme Court's explanation of these standards:

> [A] decision of the state court is "contrary to" clearly established federal law "if
> the state court arrives at a conclusion opposite to that reached by [the Supreme]
> Court on a question of law or if the state court decides a case differently than [the
> Supreme] Court has on a set of materially indistinguishable facts." [citation
> omitted]. . . . [A]n "unreasonable application" occurs when "the state court
> identifies the correct legal principle from [the Supreme] Court's decision but

unreasonably applies that principle to the facts of the prisoner's case." [citation omitted]. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." [citation omitted].

## II.     DE NOVO REVIEW

### A.     Bentz's Petition and the R&R

The R&R sets forth the procedural history of the case, including Bentz's 2016 bench trial in state court, which resulted in convictions for, among other crimes, felony rape and kidnapping; his direct appeal, which resulted in a partial remand; and his unsuccessful appeal to the Ohio Supreme Court. Bentz does not take issue with the magistrate judge's recitation of the procedural history and the Court accepts the magistrate judge's summary, as if rewritten herein. (Doc. No. 10 at 3–5[1].) For purposes of resolving Bentz's objections to the R&R, it is sufficient to note that, following a partial remand by the state appellate court, the trial court vacated Bentz's conviction and sentence for kidnapping and re-sentenced Bentz to a term of imprisonment of ten years for his rape conviction. (*Id*. at 5 (citing Doc. No. 5-1 (State Record) at 266).)

On May 27, 2019, Bentz filed, through counsel, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) In his sole ground for relief, Bentz alleges that he was deprived of the effective assistance of counsel when trial counsel failed to object to the prosecutor's use of leading questions during the direct examination of the victim. (*Id*. at 5.)

In his R&R, the magistrate judge recommends that the petition be dismissed. (Doc. No. 10 at 1, 22.) Applying the familiar standard articulated in *Strickland v. Washington*, 466 U.S.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system, a citation practice recently adopted by the Court despite different directions in the Initial Standing Order in this case.

668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1998), the magistrate judge found that Bentz failed to demonstrate either that his counsel's performance was deficient, or that any purported deficiency resulted in prejudice to him. As to the first prong, the magistrate judge determined that the record was clear that trial counsel made a strategic decision during the bench trial to permit leading questions for most of the victim's testimony and to utilize his right to object sparingly. The magistrate judge found that the state appellate court properly employed *Strickland's* highly deferential standard to determine that this "tactical trial strategy [was] consistent with reasonable professional judgment because at a bench trial, Bentz's trial counsel could rely on the judge's ability to identify and rely on only relevant, material, and competent evidence." (Doc. No. 10 at 19 (citing *State v. Bentz*, 93 N.E.3d 358, 396 (Ohio Ct. App. 2017)).)

Noting that Bentz did not argue that the substance of the victim's testimony was inadmissible, and further emphasizing that Bentz's counsel engaged in a robust cross-examination of the witness, the magistrate judge concluded that the second prong—prejudice— was also unsatisfied. Specifically, the magistrate judge emphasized that Bentz's counsel was successfully able to draw out the witness' limited memory and recall from the night of the incident. (*Id*. at 21.) The magistrate judge also rejected Bentz's argument that had his trial counsel objected more regularly the elicited answers would have been excluded, noting that such an argument "overlooks the fact that even if his trial counsel had objected [and] those objections had been sustained, the prosecutor would have been permitted to rephrase his questions, which would likely have elicited the same testimony." (*Id*. at 20 (collecting cases).)

**B.**     **Bentz's Objections**

In his short filing, Bentz begins with a general objection to the entirety of the magistrate judge's "findings, rationale, and recommendations." (Doc. No. 12 at 4.) Summarizing the arguments raised in his petition and traverse, Bentz posits once again:

> []Bentz seeks relief on the ground that his Sixth and Fourteenth Amendment rights were violated. Trial counsel failed to object when the prosecutor used leading questions through[out] the victim's testimony. The petitioner was prejudiced because the victim made multiple inconsistent statements regarding her sobriety and her consent. Coupled with the unreasonableness of some of her statements, the judge's improper statements and the court of appeals['] reversal, there is a reasonable probability the result would have been different. []Bentz objects to the Magistrate's findings, rationale, and recommendations. []Bentz incorporates by reference the arguments and authorities set forth above, as well as those set forth in his Traverse.

(*Id*. at 4.) Such a general objection is improper as it is not specific to the magistrate judge's R&R. *Holloway v. Palmer*, No. 16-2450, 2017 WL 4844457, at *2 (6th Cir. Apr. 5, 2017) (finding that a petitioner did not specifically object to the magistrate's handling of certain claims when the petitioner stated that "Petitioner objects to any and all adverse findings by the Magistrate judge and asks this court to defer to the argument and case law found in Petitioner's Petition for Writ of Habeas Corpus"); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (finding that objections that allege the magistrate's recommendation is incorrect, but "fail[ing] to specify the findings . . . believed [to be] in error" are overly general and improper). Additionally, by admitting that his objections are more fully explained in his petition and traverse, Bentz effectively admits that his objections are merely repetitive of the arguments that were before the magistrate judge. Non-specific objections and objections that are "simply a repetition of what the Magistrate Judge has already considered" are improper. *United States v. Bowers*, No. 0:06-cv-7,

5

2017 WL 6606860, at *1 (E.D. Ky. Dec. 26, 2017); *see also* Fed. R. Civ. P. 72(b)(2). Bentz's general objection is overruled.

Bentz also takes issue with the magistrate judge's observation that, had trial counsel successfully renewed his objection to the leading questions, the prosecutor could have simply rephrased his questions and elicited the same testimony. (*See* Doc. No. 10 at 20.) Bentz argues that "[w]ithout the testimony from the leading questions, *there is no guarantee that*, even had the prosecutor rephrased the questions, as the Magistrate reasons, the necessary testimony would have been presented." (Doc. No. 12 at 4–5 (emphasis added).)

But this is not the standard on a federal habeas review of a state court's resolution of an ineffective assistance of counsel claim. "'Surmounting *Strickland*'s high bar is never an easy task.'" *Harrington v. Richter*, 562 U.S. 86, 105, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (quoting *Padilla v. Ky.*, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)). "In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Id*. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different.'" *Id*. (quoting *Strickland*, 466 U.S. at 696). "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Id*. at 105. "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so[.]" *Id*. (quoting, among authority, *Knowles v. Mizayance*, 556 U.S. 111, 123, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009) (internal citations omitted)).

Bentz's suggestion that there is no way to be certain that the prosecutor would have been able to extract the same information with rephrased non-leading questions falls woefully short of meeting the doubly deferential standard this Court must employ. At this stage in the proceedings, Bentz cannot simply rely on speculation and mere possibility to show that counsel's strategic decision to permit certain leading questions was ineffective. *See Strickland*, 466 U.S. at 693 (explaining that "[i]t is not enough for the defendant to show that the errors has some conceivable effect on the outcome of the proceeding . . . [v]irtually every act or omission of counsel would meet that test"); *see also Buell v. Mitchell*, 273 F.3d 337, 359 (6th Cir. 1994) (recognizing that strategic choices by defense counsel are "virtually unchallengeable") (quotation marks and citation omitted); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994) (similar). This objection is overruled.

Finally, Bentz questions the magistrate judge's reasoning that there has been no showing of prejudice because the record demonstrates that defense counsel was able to draw out inconsistencies in the victim's story on cross-examination. (*See* Doc. No. 10 at 21 (citing State Record).) According to Bentz, that trial counsel was able to point out "weaknesses" in the State's case "simply proves the [p]etitioner's case: the case was so weak, but-for trial counsel's deficient performance, there is a reasonable probability the trial court would have found [petitioner] not guilty." (Doc. No. 12 at 5.) Bentz once again resorts to sheer speculation to meet the *Strickland* standard, but Bentz cannot lean on hindsight and a guilty verdict to establish ineffective assistance of counsel. Indeed, Bentz's "reliance on the harsh light of hindsight to second guess his counsel's competence in the crucible of trial is precisely what *Strickland* and AEDPA seek to prevent." *Kendrick v. Parris*, 989 F.3d 459, 469 (6th Cir. 2021) (quotation marks and citations

omitted); *see State v. Conway*, 848 N.E.2d 810, 832–33 (Ohio 2006) ("That [trial counsel's] strategy was unsuccessful and the jury ultimately found [defendant] guilty . . . is not a basis for finding ineffective assistance of counsel.")

Bentz's approach also fails to take into account the fact that his case was tried to the court. As the magistrate judge correctly observed, a bench trial judge is presumed to have considered only relevant and admissible evidence in reaching his or her decision. *United States v. Joseph*, 781 F.2d 549, 552 (6th Cir. 1986) (citation omitted); *see Brown v. Pitcher*, 19 F. App'x 154, 157 (6th Cir. 2001) (applying the presumption in habeas proceedings) (citations omitted). Bentz has failed to overcome this presumption and ultimately has failed to demonstrate a reasonable probability that but-for trial counsel's strategic decisions, the result of his bench trial would have been different. This objection, therefore, is overruled.

### III. Conclusion

Upon de novo review, all matters raised in Bentz's objections are overruled. Accordingly, the Court denies the petition in its entirety. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 7, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**